THOMAS C. NGUYEN, Esq., CBN 140262
LAW OFFICES OF THOMAS C. NGUYEN, APC
8311 Westminster Avenue, Suite 310
Westminster, California 92683
(714) 897-0201

Attorney for Plaintiff
THAO VAN DAO

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAO VAN DAO,<br><br>*Plaintiffs*,<br><br>vs.<br><br>TIEN DAO, TIEN M DAO, TRANG XUAN DAO, NGOC THI MY DAO, THIEN QUANG DAO, TUNG QUANG DAO,THUAN QUANG DAO, THO QUANG DAO,DOES 1 to 20, inclusive,<br><br>*Defendants*. | CASE NO.:<br><br>COMPLAINT FOR:<br><br>1. DAMAGES [15 USC § 1117 ];<br>2. INJUNCTIVE RELIEF [ 15 USC § 1116-1118, ;<br>3. CC § 3422; CCP §§ 526, 527]<br>IN ACTION FOR TRADEMARK INFRINGEMENT 15 USC §§ 1114<br>4.VERIFICATION by Plaintiff |

COMES NOW THE PLAINTIFF BY HIS ATTORNEYS, THE LAW OFFICES OF THOMAS C NGUYEN, APC FOR ITS CAUSES OF ACTION AGAINST DEFENDANTS LISTED HEREIN ABOVE WHO ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS, EXCEPT AS TO ALLEGATIONS CONCERNING THE PLAINTIFF OR HIS COUNSEL, WHICH ARE MADE UPON PERSONAL KNOWLEDGE AS FOLLOWS:

**NATURE OF THE ACTION**

1. Plaintiff THAO VAN DAO (hereafter "THAO") is an adult resident of Orange County, California.

2. Defendants TIEN DAO, TIEN M DAO, TRANG XUAN DAO, NGOC THI MY

DAO, THIEN QUANG DAO, TUNG QUANG DAO,THUAN QUANG DAO, THO QUANG DAO, and DOES 1 to 20, inclusive, are residents of the City of Houston Texas, or a business entity with its principal place of business in Houston, Texas,

3. Plaintiff is ignorant of true names and capacities of defendants sued herein as DOES 1 TO 20, inclusive, and therefore sues these defendants by fictitious names. Plaintiff will amend the complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges that each of the doe is responsible in some manner for the occurrences herein alleged, and that plaintiff injuries and/or damages were proximately caused by their conduct

4. This action arises under Section 39 of the Lanham Act, 15 U.S.C. § 1121.

JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) for the claims arising out of the violations of Section 32 and Section 43 of the Lanham Act, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims arising out of the violation of Sections 17200 to 17203 of the California Business and Professional Code, and all other claims arising under the common law of the State of California; and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 for the claims under the common law of unfair competition.

6. This Court has personal jurisdiction over the Defendants because the products which are the subject of this action were, and continue to be, sold and/or offered for sale to consumers in the State of Californi, including in this Judicial District.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred in this district.

**The Parties - Plaintiff THAO VAN DAO**

8. The Plaintiff THAO VAN DAO is an Oriental Medicine Physician, licensed since 1970 by the DIRECTOR OF HEALTH DEPARTMENT OF HO CHI MINH CITY, Socialist Republic of Vietnam, specialized in ACUPUNCTURE - HERBAL. Attached as **Exhibit 1** is a true copy of DAO's Certificate to practice Acupuncture - Herbal dated September 1982.

9. At all material times Plaintiff was and is engaged in the operation of researching, producing, manufacturing and selling herbal supplements under the Trademark of DYS CANH THIEN in the State of California since November 1981, and in the times Plaintiff spent in Texas.

10. DYS is the short-hand writing for Dong Y Si which means in Vietnamese " Oriental Medical Physician."

11. CANH THIEN is Plaintiff's medical-professional name.

12. THAO produces, markets and sells herbal supplements International Class 5 of the USPTO under his professional name Dong Y Si CANH THIEN.

13. THAO also writes books such as 'HERBAL MEDICINES COMPREHENSION AND HEALING under his professional name CANH THIEN.

Attached as **EXHIBIT 2** is THAO's Certificate of Registration of registered with the US Copyright Office on Sep 6, 2005 which indicate CANH THIEN as ***THAO's pseudonym***.

14. Plaintiff was and is now operating a Herbal supplement store and marketing company with its headquarter at 14441 Brookhurst St., Ste, 8 Garden Grove CA 92843, California. "THAO VAN DAO" is the name of the Plaintiff.

15. Through its chain of retail stores and on its website http://www.canhthiendaovanthao.com, facebook @canhthiendaovanthao, the Plaintiff sells high-quality herbal medicine products, including vitamins and supplements.

16. The unique, exclusive design DYS or Dong Y Si CANH THIEN has always distinguished Plaintiff's products and is produced and backed by DYS Canh Thien, ie., the professional name for Thao Van Dao.

17. DYS CANH THIEN's products have been made and sold in Vietnam since the 1970's in a select network of dispensaries in Vietnam.

18. Consequently, the name DYS CANH THIEN has become synonymous with high quality herbal supplements sold in Orange County, California since the year 1981 when Thao first immigrated to the USA both in this Judicial District and throughout the United States.

19. Since the 1981, Plaintiff Thao has provided his service in herbal stores in Westminster and Garden Grove, California

20. From March 1982 to March 1983 Plaintiff was providing his service at the Oriental Medical Clinic ran by Dr DANG TRAN HAO, C.A. located on Bolsa Street, Garden Grove, California.

21. In November 1983 Thao moved to Houston, Texas.

22. On or about 05/16/1996, Thao Dao was doing his herbal supplements business as HOA DA ORIENTAL HERBS at 11210 Bellaire Blvd #126B Houston TX 77072.

23. The Plaintiff has sold and/or offered his goods for sale in inter- and intrastate commerce, including commerce in the State of California, and in this Judicial District.

24. The Plaintiff's DAO AKA DYS CANH THIEN herbal supplement products were first introduced into the USA, first in California in November 1981 when Plaintiff first arrived from Vietnam and immigrated to Little Saigon, Orange County as a refugee serving years in re-education camps after the fall of Vietnam in 1975.

25. The trade mark "DYS CANH THIEN" was filed in behalf of the Plaintiff THAO VAN DAO with the United States Patent and Trademark Office (the "USPTO") on 05-15-2014 in International Class 5: Herbal supplements

26. On Dec 23, 2014, the USPTO issued DAO the trademark DYS CANH THIEN

27. Attached as **Exhibit 3** hereto is a true and accurate copy of the DYS CANH THIEN Trademark Registration.

28. The federal registration for the DAO DYS CANH THIEN Trademark is in full force and effect, and has never been contested.

29. The Plaintiff has used the DYS CANH THIEN Trademarks on and in connection with the sale and advertising of a wide variety of herbal supplements.

30. As a result of their widespread use, the DYS CANH THIEN Trademarks have become a symbol of style and a symbol of the Plaintiff THAO VAN DAO.

31. The DYS CANH THIEN Trademarks have come to be known as source identifiers for high quality, authentic herbal supplements products.

**DEFENDANTS**

32. All the natural Defendants are THAO's children.

33. Defendant TIEN DAO aka TIEN M DAO used to work for THAO until THAO fired TIEN on 2/16/2016.

34. All Defendants are resident of Houston, TX.

**Infringement of Trademark to Enhance Value of Defendants' Products.**

35. TIEN DAO used to work for THAO DAO until THAO fired TIEN on 2/16/2016. Since 2/16/2016, Defendant TIEN DAO operated and has been operating a business that advertises and actively sells herbal supplement products on the Internet, and in a store Houston Texas using the name "Dong Y Si CANH THIEN" prominently on their websites including, without limitation: facebook.com/hoadaherbalmedecine, thaoduochoada.com,hoadacanhtien.com.

36. When customers enter each of these websites, the sign DONG Y SI CANH THIEN instead of the Trademark DYS CANH THIEN is displayed and emblazoned on every bottle of herbal supplement that Defendants sell.

37. Defendants' mark is "DONG Y SI CANH THIEN" in lieu of Plaintiff's trade Mark DYS CANH THIEN.

38. By doing so, the Defendants are likely to cause consumer confusion with the Plaintiff, as well as to dilute the Plaintiff's trademark, which include the federally registered trademarks for herbal supplements.

39. Defendants' mark also causes deception to consumers as to the source or origin of

Defendants' herbal supplement products.

40. Upon information and belief, the Defendant TIEN is doing business as **HOA DA DONG Y SI CANH THIEN** and uses the website www.hoadacanhthien.com. A copy of the shot screen of Defendant TIEN' infringing website is attached as **EXHIBIT 4**

41. The Defendants advertise through their websites thaoduochoada.com, hoadacanhtien.com facebook.com/hoadaherbalmedecine to consumers in California, Texas and throughout the world.

42. The Defendant displays a fully interactive page that allows consumers, including those located in California, to contact the Defendants through electronic mail, telephone and postal mail and pay by ***Master, Visa, Paypal***. Excerpts from infringing Website are attached as **Exhibit 5**.

43. Defendants' Herbal supplements website hoadacanhthien.com currently accepts commercial orders through ***Master, Visa or Paypal*** and ships herbal supplement to consumers located in California.

44. The Defendants offer to sell and ship herbal supplement products which infringe on Plaintiff's Trademarks directly to consumers, including in California, through their websites.

45. The Defendants' Infringing Websites display the Mark DONG Y SI CANH THIEN.

46. The Defendants offer to ship, and indeed do ship, infringing products to consumers located in California and this Judicial District.

47. If consumers search for "CANH THIEN Herbs" in search engines such as Google, the search engine bring users to stories and information about both the Plaintiff and the Defendants.

48. On or about ***2/8/2016*** Plaintiff THAO VAN DAO's attorney Cleveland Williams, Patent Attorney at the Law Offices of Thomas Nguyen, PLC, first contacted the Defendants by letter, demanding that the Defendants **cease and desist** their infringing conduct. SAID CEASE & DESIST LETTER IS ATTACHED AS EXHIBIT 6

49. The Defendants have refused to respect the Plaintiff's rights, despite repeated

demands from the Plaintiff's attorney since that time.

50. Therefore, this is an action for trademark infringement, trademark dilution, and cybersquatting brought pursuant to Sections 32, 43(a), 43(c), and 43(d) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), (c), and (d); and causes of action under Sections 14245,17203 of the California Business and Professional Code, and for violations of the California common law.

51. The Defendants' misuse of the "DYS CANH THIEN" Trademarks, including the "Dong Y Si CANH THIEN" MARK, in connection with unauthorized herbal supplement products, including those sold through the Infringing Websites, has injured the Plaintiff's reputation and goodwill.

52. The Defendants' misuse of the "DYS CANH THIEN" Trademarks, including the Dong Y Si CANH THIEN trademark, in connection with unauthorized products, including herbal supplement products sold through the Infringing Websites, has diluted the distinctiveness of the famous DYS CANH THIEN Trademarks, including the Dong Y Si CANH THIEN mark.

53. Unless enjoined, the Defendants' conduct will continue to injure both Plaintiff and the public.

**FIRST CLAIM FOR RELIEF AS AGAINST ALL DEFENDANTS**

**Federal Trademark Infringement in Violation of Section 32 of the Lanham Act**

**(15 U.S.C. § 1114)**

54. The Plaintiff THAO VAN DAO hereby repeats each and every allegation set forth in paragraphs 1 to 52 above as if fully set forth herein.

55. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant: any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .

56. The DYS CANH THIEN Trademark is federally registered.

57. This trademark is distinctive and is associated in the mind of the public with the Plaintiff THAO VAN DAO.

58. Additionally, based on the Plaintiff THAO VAN DAO's extensive advertising, sales, and the popularity of its own products, the DYS CANH THIEN Trademark, including the Dong Y Si CANH THIEN mark, have acquired secondary meaning so that the public associates these trademarks exclusively with the Plaintiff.

59. The Defendants have used counterfeit reproductions of one or more of the DYS CANH THIEN Trademarks, including the DONG Y SI CANH THIEN, in connection with the advertising, sale, offering for sale and/or distribution of goods for their own financial gain.

60. The Plaintiff THAO VAN DAO has not authorized the Defendants' use of any of his trademarks.

61. The Defendants' unauthorized use of the DYS CANH THIEN Trademark, including the Dong Y Si CANH THIEN mark, www.hoadacanhthien.com, thaoduochoada.com, hoadacanhtien.com facebook.com/hoadaherbalmedecine in connection with the advertising and sale of herbal supplements constitutes the use of Plaintiff's registered mark in commerce.

62. The Defendants' unauthorized use of the DYS CANH THIEN Trademark, including the Dong Y Si CANH THIEN trademark, is likely to cause confusion, mistake, or deception; cause the public to believe that the Defendants' products emanate or originate from Plaintiff THAO VAN DAO when they do not, or that the Plaintiff has authorized, sponsored, approved or otherwise associated itself with the Defendants or their counterfeit products bearing the Plaintiff's trademark.

63. The Defendants' unauthorized use of the DYS CANH THIEN Trademark, including the Dong Y Si CANH THIEN mark, has resulted in the Defendants unfairly and illegally benefitting from the Plaintiff's goodwill.

64. This conduct has caused substantial and irreparable injury to the public, to THAO VAN

DAO, to DYS CANH THIEN's trademark, and the substantial goodwill represented thereby.

65. Accordingly, the Defendants have engaged in trademark infringement in violation of 15 U.S.C. § 1114.

66. The Defendants' acts have caused, and will continue to cause, irreparable injury to the Plaintiff.

67. The Plaintiff has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

68. The Defendants' egregious conduct in repeatedly selling infringing merchandise bearing the unauthorized DYS CANH THIEN Trademark, including the Dong Y Si CANH THIEN trade mark, is willful and intentional, and thus this constitutes an exceptional case.

**SECOND CLAIM FOR RELIEF - AS AGAINST ALL DEFENDANTS**

**Cybersquatting in Violation of the Anti-cybersquatting Consumer Protection Act**

**(15 U.S.C. § 1125(d)(1))**

69. Plaintiff THAO VAN DAO hereby repeats each and every allegation set forth in paragraphs 1 to 67 above as if fully set forth herein.

70. 15 U.S.C. § 1125(d)(1)(A) provides that:

A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person—

(i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and

(ii) registers, traffics in, or uses a domain name that—

(I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;

(II) in the case of a famous mark that is famous at the time of

registration of the domain name, is identical or confusingly similar to or dilutive of that mark…

71. The Infringing Domain Names that the Defendants has registered are identical to, and/or confusingly similar to one or more of the DYS CANH THIEN Trademarks, including the Dong Y Si CANH THIEN trademark, which were distinctive and/or famous at the time that the Defendants registered the Infringing Domain Names.

72. The Defendants have registered and used the Infringing Domain Name with bad faith intent to profit from the DYS CANH THIEN Trademarks, including the DYS CANH THIEN Trademark.

73. The Defendants' activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

74. Plaintiff is informed and believes and therefore alleges that The Defendants had no *bona fide* noncommercial or fair use of the DYS CANH THIEN Trademarks, including the Dong Y Si CANH THIEN trademark.

75. The Defendants intended to divert consumers away from the Plaintiff DYS CANH THIEN to a website accessible under Infringing Domain Names that could harm the goodwill represented by the DYS CANH THIEN Trademark, including the Dong Y Si CANH THIEN trademark, for commercial gain, and with the intent to tarnish and disparage the DYS CANH THIEN Trademark by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Infringing Domain Names and the Infringing Websites.

76. The Defendants' acts have caused and will continue to cause irreparable injury to THAO VAN DAO. The Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

**THIRD CLAIM FOR RELIEF - AS AGAINST ALL DEFENDANTS**

**Trade Dress Infringement and False Designation of Origin**

**in Violation of Section 43(a) of the Lanham Act**

**(15 U.S.C. § 1125(a))**

77. The Plaintiff THAO VAN DAO hereby repeats each and every allegation set forth in paragraphs 1 to 75 above as if fully set forth herein.

78. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) provides, in relevant part, that: "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—(1)(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

79. By making unauthorized use, in interstate commerce, of the DYS CANH THIEN Trademarks, including the Dong Y Si CANH THIEN trademark, the Defendants have used a "false designation of origin" that is likely to cause confusion, mistake or deception as to the affiliation or connection of the Defendants with THAO VAN DAO and as to the origin, sponsorship, association or approval of the Defendants' services and goods by THAO VAN DAO, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80. The Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent the Defendants' products as those of DYS CANH THIEN, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

81. The Defendants' wrongful acts will continue unless and until enjoined by this Court.

82. The Defendants' acts have caused and will continue to cause irreparable injury to the Plaintiff. The Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

83. The Defendants' egregious conduct in selling infringing products is willful and intentional.

**FOURTH CLAIM FOR RELIEF - AS AGAINST ALL DEFENDANTS**

**Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act**

**(15 U.S.C. § 1125(c))**

84. The Plaintiff THAO VAN DAO hereby repeats each and every allegation set forth in paragraphs 1 to 72 above as if fully set forth herein.

85. Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), provides, in relevant part, that:

"Subject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury."

86. Plaintiff THAO VAN DAO is the exclusive owner of the DYS CANH THIEN Trademark, including the Dong Y Si CANH THIEN trademark.

87. The DYS CANH THIEN Trademark, including the Dong Y Si CANH THIEN trademark, are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

88. The DYS CANH THIEN Trademark, including the Dong Y Si CANH THIEN trademark, are all distinctive marks that have been in use for many years and play a prominent role in THAO VAN DAO's marketing, advertising and the popularity of its products across many different media.

89. The DYS CANH THIEN Trademarks, including the Dong Y Si CANH THIEN trademark, were famous long before the Defendants began using unauthorized reproductions, counterfeits, copies and colorable imitations on their unauthorized merchandise.

90. The DYS CANH THIEN Trademark, including the Dong Y Si CANH THIEN trademark,

have gained widespread publicity and public recognition in California and elsewhere.

91. To enhance his rights further, the Plaintiff THAO VAN DAO obtained federal registrations for the DYS CANH THIEN Trademarks, and his has not registered the Dong Y Si CANH THIEN trademark with the USPTO,

92. The Defendants' sale of products or herbal supplements that use the DYS CANH THIEN Trademark, including the Dong Y Si CANH THIEN trademark, constitutes use in commerce of the DYS CANH THIEN Trademarks, including the Dong Y Si CANH THIEN trademark.

93. Plaintiff THAO VAN DAO has not licensed or otherwise authorized the Defendants' use of the DYS CANH THIEN Trademark, including the DONG Y SI CANH THIEN trademark.

94. Consumers are likely to locate and purchase the Defendants' products in the erroneous belief that the Defendants are associated with, sponsored by or affiliated with THAO VAN DAO, and/or that THAO VAN DAO is the source of those products.

95. The Defendants' use of the DYS CANH THIEN Trademarks, including the Dong Y Si CANH THIEN trademark, dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish THAO VAN DAO's herbal products.

96. The Defendants' unlawful use of the DYS CANH THIEN Trademarks, including the Dong Y Si CANH THIEN trademark, in connection with inferior goods is also likely to tarnish those trademarks and cause blurring in the minds of consumers between THAO VAN DAO and the Defendants, thereby lessening the value of the DYS CANH THIEN Trademark, including the Dong Y Si CANH THIEN trademark, as unique identifiers of THAO VAN DAO's products.

97. The Defendants' acts have caused and will continue to cause irreparable injury to THAO VAN DAO. The Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

**FIFTH CLAIM FOR RELIEF - AS AGAINST ALL DEFENDANTS**

**Deceptive Acts and Practices Unlawful**

**in Violation of the California Business and Professional Code §§ 17001- 17203**

98. The Plaintiff THAO VAN DAO hereby repeats each and every allegation set forth in paragraphs 1 to 96 above as if fully set forth herein.

99. ***California Business and Professional Code (BP&C), Section 17001*** states, in relevant part, that: "The Legislature . . . encourages competition by prohibiting unfair, dishonest, deceptive, destructive, fraudulent and discriminatory practices." **BP&C § 17002** states in pertinent parts: "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." ***BP&C*** **§ 17203** states in pertinent parts: "Injunctive Relief—Court Orders: Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

100. Through their advertisement, distribution, offer to sell and sale of unauthorized products bearing the DYS CANH THIEN Trademarks, including the DONG Y SI CANH THIEN mark, the Defendants have engaged in consumer-oriented conduct that has affected the public interest of California and has resulted in injury to consumers in California.

101. The Defendants' deceptive acts or practices, as described herein, are materially misleading. Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom the Defendants have directed their marketing activities, and THAO VAN DAO has been injured thereby.

102. By the acts described above, the Defendants have willfully engaged in deceptive acts or

practices in the conduct of business and furnishing of services in violation of Section 17001 and 17002 of the California Business and Professional Code.

103. The Defendants' acts have caused, and will continue to cause, irreparable injury to THAO VAN DAO. The Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

**SIXTH CLAIM FOR RELIEF - AS AGAINST ALL DEFENDANTS**

**Injunctive Relief**

104. The Plaintiff THAO VAN DAO hereby repeats each and every allegation set forth in paragraphs 1 to 102 above as if fully set forth herein.

105. The Defendants have palmed off their goods as THAO VAN DAO's, improperly trading upon the Plaintiff's goodwill and valuable rights in and to the DYS CANH THIEN Trademark, including the Defendants' DONG Y SI CANH THIEN Mark.

106. The Defendants have committed the above alleged acts willfully. Plaintiff has been fortunate that the public has not suffered any health problem while consuming Defendants' herbal supplement.

107. Defendants have been ignoring Plaintiff's cease and desist letter sent to Defendant since 2/8/16. Plaintiff will therefore suffer irreparable damages to his reputation, his finances if any member of the public suffered health problem while consuming Defendants' herbal supplements.

108. Plaintiff herein is the owner of the Trademark, his likelihood of prevailing on the merits is great.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays:

1. For an Order requiring defendants to show cause , if they have any, why they should not be enjoined as set forth below , during the pendency of this action:

2. For a permanent injunction, all enjoining defendants, each of them, and his/her/their agents, servants, employees, and all persosn acting under, or in concert with, or for

him/her from:

A) Using the name "DYS CANH THIEN" in connection with any activity, process, handling, packaging, sales, advertising, distributing of herbal supplements;

B) Infringing Plaintiff's Trademark "DYS CANH THIEN";

C) Causing likelihood of confusion, deception or mistake to the source, nature or quality of defendants' products or service

3. For a **FINAL JUDGMENT** that:

A) A declaration that:

i. The Defendants have engaged in trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

ii. The Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

iii. The Defendants have violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125©;

iv. The Defendants have violated Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d);

v. The Defendants have engaged in Cybersquatting in violation of the AntiCybersquatting Consumer Protection Act;

vi. The Defendants have diluted the distinctiveness of the DYS CANH THIEN Trademarks, including the DONG Y SI CANH THIEN trademark, and caused injury to Plaintiff and the public;

vii. The Defendants have engaged in deceptive acts and practices unlawful in violation of Sections 17001 and 17002 of the California Business and Professional Code;

viii. The Defendants have engaged in trademark infringement in violation of the common law of the State of California; and

ix. That the above acts were done willfully, and/or intentionally.

4. For entry of an **ORDER** permanently enjoining and restraining the Defendants, and their

officers, agents, servants, employees and attorneys and all those in active concert or participation with any of them, from:

A) Using any reproduction, counterfeit, copy or colorable imitation of the DYS CANH THIENTrademarks, including the DONG Y SI CANH THIEN any goods or their packaging not authorized by THAO VAN DAO;

B) Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of the DYS CANH THIEN Trademarks, including the DONG Y SI CANH THIEN Trademarks,

C) Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or their packaging as being those of DYS CANH THIEN, or sponsored by or associated with DYS CANH THIEN, and from offering such goods into commerce;

D) Further infringing the DYS CANH THIEN Trademarks, including the DONG Y SI CANH THIEN Trademarks, by manufacturing, producing, distributing, circulating, selling, marketing, offering ______________________

E) Infringing the DAO DYS CANH THIENTrademarks, including the DONG Y SI CANH THIEN Trademarks, or the Plaintiff's rights therein, or using or exploiting the DAO DYS CANH THIENTrademarks, including the DONG Y SI CANH THIEN Trademarks, or diluting The DAO DYS CANH THIENTrademark;

F) Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe or dilute the DYS CANH THIENTrademarks, including the DONG Y SI CANH THIEN **dao herbaTrademarks;** and

G) Effecting assignments or transfers, forming new entities or associations or

utilizing any other device for the purpose of circumventing or otherwise avoid the prohibitions set forth in any Final Judgment or Order in this action; and

5. For an entry of an **ORDER** directing that the Defendants deliver up for destruction to DYS CANH THIEN all unauthorized products, advertisements and packaging in their possession or under their control bearing any of the DAO DYS CANH THIENTrademarks, including the DONG Y SI CANH THIEN Trademarks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

6. For an entry of an **ORDER** transferring or canceling at DAO's election, the Infringing Domain Name and any other domain names used by the Defendants to engage in unauthorized activities, to DYS CANH THIEN's control so they may no longer be used for unauthorized purposes.

7. For entry of an **ORDER** that, upon DYS CANH THIEN's request, the Internet Registries shall take all actions necessary to ensure that the Infringing Domain Name be transferred and or disabled accordingly.

8. For entry of an **ORDER** requiring the Defendants to disseminate corrective advertisements in a form approved by the Court to acknowledge their violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations.

9. For all such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or associated packaging manufactured, sold or otherwise circulated or promoted by the Defendants are authorized by DYS CANH THIEN or related in any way to DYS CANH THIEN's products.

10. For an assessment of the **ACTUAL DAMAGES** suffered by Plaintiff, trebled, and an award of all profits that Defendants have derived from using the DAO DYS CANH THIENTrademarks, including the DONG Y SI CANH THIEN Trademarks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

11. For **COSTS OF SUIT**, and for such other and further relief as the Court shall deem appropriate.

DATED: JULY 19, 2017

LAW OFFICES OF THOMAS C NGUYEN,APC

By: ______________________

Thomas Nguyen, Esq

Attorney for Plaintiff

**VERIFICATION ( C.C.P. 446 AND 2015.5)**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing COMPLAINT ______________________________ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☑ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

☐ I am ☐ an officer ☐ a partner ______________ ☐ a ____________________ of ______________________________ , a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

☑ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

☐ I am one of the attorneys for ______________________________ , a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on (date) 7/19/17 , at Westminster , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

THAO VAN DAO ______________________ [signature]

Type or Print Name Signature

**PROOF OF SERVICE**

CCP 1013a(3) Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of ______________________________ , State of California. I am over the age of 18 and not a party to the within action; my business address is ______________________________ .

On (date) ______________ , **I served the foregoing document described as ______________________________ on ______________________________ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL

☐ *I deposited such envelope in the mail at ______________________________ , California. The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid at ______________________ , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on (date) ______________ , at ______________________________ , California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

______________________ ______________________

Type or Print Name Signature

* (BY MAIL, SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)

**FOR PERSONAL SERVICE, SIGNATURE MUST BE THAT OF MESSENGER)

967 (R1/98)

# ***EXHIBIT 1***

- Copy of DAO's Certificate to practice Acupuncture - Herbal dated September 1982.

CỘNG HÒA XÃ HỘI CHỦ NGHĨA VIỆT NAM
Độc Lập - Tự Do - Hạnh Phúc

TRUNG TÂM PHÒNG CHỐNG MA TÚY THUỘC SỞ LĐ-TB-XH
TP. HỒ CHÍ MINH

# CHỨNG - NHẬN

Ông ĐÀO - VĂN - THẢO
Sinh năm 1942 tại Tây Ninh
Thường trú tại 258 bis Lê Hồng Phong, P4, Q5. TP/Hồ Chí Minh.
Nghề nghiệp - Lương Y

- Đã theo học và nghiên cứu về chữa trị cai nghiện Ma túy tại Trung tâm từ ngày 15.6.1990 đến 30.9.1990.
- Kết quả học tập - Đạo đức, tác phong học tập tốt, tận tụy, nhiệt tình.
- Kiến thức chuyên môn khá về việc sử dụng thuốc nam, Châm cứu, xoa bóp, ứng dụng trong điều trị cho người nghiện ma túy.
- Năng lực, tay nghề vững, đảm đương được công tác chữa trị cắt cơn nghiện ma túy.

Nay chúng tôi chứng nhận để Ô/c Thảo trở về địa phương ứng dụng chữa trị cho những người nghiện ma túy.

TP. Hồ Chí Minh, Ngày 9 tháng 10 năm 199[illegible]
HIỆU TRƯỞNG
(stamp: TRƯỜNG GIÁO DỤC LAO ĐỘNG THANH NIÊN ... THÀNH PHỐ HỒ CHÍ MINH)
Phan Nguyễn Bình

---

ỦY BAN NHÂN DÂN
THÀNH PHỐ HỒ CHÍ MINH
SỞ Y TẾ
Số: 783

CỘNG HÒA XÃ HỘI CHỦ NGHĨA VIỆT NAM
Độc lập - Tự do - Hạnh phúc



GIÁM ĐỐC SỞ Y TẾ THÀNH PHỐ HỒ CHÍ MINH

## CHỨNG NHẬN

Ô. ĐÀO VĂN THẢO
Sinh ngày 1942 tại TÂY NINH
LÀ THẦY THUỐC Y HỌC DÂN TỘC CỔ TRUYỀN
Chuyên khoa CHÂM CỨU - DƯỢC THẢO
Thâm niên kinh nghiệm TỪ 1970
Ngày [illegible] tháng 9 năm 1983
GIÁM ĐỐC SỞ Y TẾ

THE PEOPLE COMMITTEE
HO CHI MINH CITY
HEALTH DEPARTMENT
No.: 783

SOCIALIST REPUBLIC OF VIETNAM
Independence – Freedom – Happiness

DIRECTOR OF HEALTH DEPARTMENT HO CHI MINH CITY

**TRANSLATION OF CERTIFICATION**

PICTURE

MR. THAO VAN DAO
Birth year 1942 at Tay Ninh
IS THE MEDICINE PHYSICIAN OF ORIENTAL TRADITION

Specialized ACUPUNCTURE – HERBAL
Seniority experience FROM 1970

September 01, 1983
Director of Heath Department
(Signed and Sealed)
DOCTOR TRUNG QUANG DUONG

---

STATE OF CALIFORNIA ]
COUNTY OF ORANGE ]

This is to certify that the information above is the true and accurate translation into English of the attached Vietnamese language document with all my faithfulness.

Signature of translator
Name: Tracy Pham

Subscribed and sworn to before me this
January 13, 2016

Signature of Notary Public

TESSICA THAO LE
COMM. # 2084898
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
COMM. EXPIRES NOV. 1, 2018

# *EXHIBIT 2*

- THAO's Certificate of Registration with the US Copyright Office on Sep 6, 2005

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

TXu 1-259-181

EFFECTIVE DATE OF REGISTRATION

9 9 2005
Month Day Year

... SEPARATE CONTINUATION SHEET

**1**

TITLE OF THIS WORK ▼

DUOC THAO LUAN TRI

PREVIOUS OR ALTERNATIVE TITLES ▼
HERBAL MEDICINES COMPREHENSION AND HEALING

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

**2**

a NAME OF AUTHOR ▼
THAO DAO whose pseudonym is CANH THIEN

DATES OF BIRTH AND DEATH
Year Born ▼ 1942 Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☑ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ UNITED STATES
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☑ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

b NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

c NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3**

a YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
2005 ◀ Year
This information must be given in all cases.

b DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ▶ Day ▶ Year ▶
◀ Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
THAO DAO
11822 MATAGORDA LANE
SUGAR LAND TX 77478

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

DO NOT WRITE HERE
OFFICE USE ONLY

APPLICATION RECEIVED SEP 09 2005
ONE DEPOSIT RECEIVED SEP 09 2005
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

MORE ON BACK ▶ Complete all applicable spaces (numbers 5-9) on the reverse side of this page. See detailed instructions. Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

# *EXHIBIT 3*

- THAO's copy of the DYS CANH THIEN Trademark Registration

# United States of America

## United States Patent and Trademark Office

# ĐYS CẢNH THIÊN

**Reg. No. 4,659,573**

**Registered Dec. 23, 2014**

**Corrected Aug. 16, 2016**

**Int. Cl.: 5**

**Trademark**

**Principal Register**

DAO, THAO VAN (UNITED STATES INDIVIDUAL)
9442 OASIS AVE
WESTIMINSTER, CA 92683

CLASS 5: Herbal supplements

FIRST USE 5-13-2008; IN COMMERCE 5-13-2008

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

The English translation of "ĐYS CÁNH THIÊN" in the mark is "A Scene in Heaven".

SER. NO. 86-281,751, FILED 05-15-2014

Michelle K. Lee

Director of the United States
Patent and Trademark Office

# *EXHIBIT 4*

A copy of the shot screen of Defendant TIEN' infringing website www.hoadacanhthien.com.


Nhà Thuốc Hoa Đà - Đông y
trungtam.net/a2885/nha-thuoc-hoa-da-dong-y-si-canh-thien
Search
WEBSITE VIỆT
BUSINESS VIỆT
WEBLINKS
LIÊN LẠC
Nhà Thuốc
HOA ĐÀ
Đông Y Sĩ CẢNH THIÊN
www.HoaDaCanhThien.com
11210 Bellaire Boulevard
Suite # 126B
Houston, Texas 77072
Tel: 281.495.0268
Fax: 281.495.4932
HoaDaHouston@gmail.com
Nhà Thuốc HOA ĐÀ
Đông Y Sĩ CẢNH THIÊN
www.hoadacanhthien.com
11210 Bellaire Boulevard Suite # 126B Houston, Texas 77072
Tel: 281-495-0268
Fax: 281-495-4932
hoadahouston@gmail.com


hoadacanhthien.com
HOA ĐÀ
ĐÔNG Y SĨ CẢNH THIÊN
Vietnamese | English
Welcome Guest
0 Items
BUY 5 GET 1 FREE
MUA 5 TẶNG 1
USE CODE / SỬ DỤNG MÃ:
BUY5GET1FREE
BROWSE ALL PRODUCTS
SHOPPING CART
ADVANCED SEARCH
ABOUT US
CATALOG
MY ACCOUNT
NEWS
CONTACT
FAQ
Home » Home
JOIN OUR MAILING LIST
Join Our Community
Sign up for exclusive offers, curated picks & new arrivals
Home
Browse all products
Bestseller
Extreme Liver Support
Caps
Good for: May be helpful in
cases of pain due to Liver
External Analgesic Solution
Good for: May be helpful in
cases of torn ligaments
External Analgesic Spray
6:12 PM
7/18/2017

# *EXHIBIT 5*

A copy of the shot screen of Defendant TIEN' infringing website www.hoadacanhthien.com.



HOA ĐÀ
Vietnamese | English
50%
Search
Welcome Guest
0 items
BUY 5 GET 1 FREE
MUA 5 TẶNG 1
USE CODE / SỬ DỤNG MÃ:
BUY5GET1FREE
BROWSE ALL PRODUCTS
SHOPPING CART
ADVANCED SEARCH
ABOUT US
CATALOG
MY ACCOUNT
NEWS
CONTACT
FAQ
JOIN OUR MAILING LIST
Join Our Community
Home
Browse all products
Bestseller
Extreme Liver Support
$30.00
$20.00

# *EXHIBIT 6*

CEASE & DESIST DEMAND LETTER 2/8/2016

**CLEVELAND R. WILLIAMS**
**Patent, Trademark & Copyright Attorney**
**Law Offices Of Thomas C. Nguyen A.P. C. & Assoc**
**8311 Westminster Ave., Suite 310**
**714-897-0201**

VIA CERTIFIED MAIL
MS. TIEN M. DOA
PRESIDENT
HOA DA HERBAL MEDICINE INC
UNIT 126B
112 BELLAIRE BLVD
HOUSTON, TX 77072

**CEASE AND DESIST**
**DEMAND LETTER**

Please be advised that our client Mr. Dao has advised our firm that you Ms. Tien M Doa are engaged in the unauthorized and illegal use of his photograph on the labels of products you sell, in advertisements for products you sell, in pamphlets, brochures and websites. We demand that you Cease and Desist the unauthorized and illegal use of his pictures, photographs, images and likeness in advertising the sale of any products, in pamphlets, brochures and websites. We, in addition, demand that you remove all pictures, photographs, images and likeness of Mr. Doa from your office. We will give you a reasonable amount of time to comply with the above-stated demands. If you do not comply with the demands, we will seek relief in the court system.

Sincerely,

Cleveland R. Williams 2-8-16
Cleveland R. Williams
Patent Attorney
Reg. No. 27080